**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOE HARRISON, Individually and On Behalf of Other Similarly Situated Persons,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | ) CIVIL NO. 07-589-GPM<br>) |
| **BIG RIDGE, INC.,** | )<br>) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff's motion for order to deem opt-ins filed (Doc. 19) and Defendant's motion for partial judgment on the pleading (Doc. 20) were heard on January 28, 2008. For the following reasons, the motions are granted in part and denied in part.

### BACKGROUND

Plaintiff, Joe Harrison, is a mine worker in southern Illinois. Harrison filed this action on behalf of himself and other miners on August 17, 2007, alleging that between August 17, 2004, and August 17, 2007, Defendant Big Ridge, Inc. ("Big Ridge"), failed to properly calculate the "regular rate of pay" in calculating workers' overtime payments, in violation of the Fair Labor Standards Act ("FLSA"). Harrison also alleges that this violation was "willful." Harrison seeks to include other workers as a collective action, who must "opt-in" under 29 U.S.C. § 216(b). He seeks unpaid overtime compensation on behalf of current and former workers, prejudgment interest on that compensation, and liquidated damages equal to the unpaid overtime compensation and prejudgment

interest on those damages.

The Secretary of Labor has also filed a complaint against Big Ridge, alleging breaches of FLSA's overtime provision of the same type alleged by Harrison, during the period following October 1, 2005 (*see Chao v. Big Ridge, Inc.*, Cause No. 07-728-MJR (S. D. Ill. filed Oct. 9, 2007)). The Secretary of Labor declined, however, to allege willfulness on the part of Big Ridge or to seek liquidated damages.

Big Ridge claims that the Secretary's suit terminates the right to sue for these alleged violations of all workers other than Harrison (because he filed before the Secretary's suit) under 29 U.S.C. § 216(b). Big Ridge seeks dismissal of the opt-in claims via partial judgment on the pleadings, or a stay of the opt-ins' case until the Secretary's case is completed.

After the hearing on January 28, the Court stayed discovery until the issues regarding opt-ins could be resolved.

## ANALYSIS

Courts "review Rule 12(c) motions [such as this one] under the same standard as a motion to dismiss under Rule 12(b). Like Rule 12(b) motions, a district court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved. "[W]e will view the facts in the complaint in the light most favorable to the nonmoving party, [h]owever, we are not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citations omitted).

Neither party argues that Harrison's claim is terminated or time-barred; the resolution of this dispute is a matter of interpretation of 29 U.S.C. § 216(b)'s "termination provision." Big Ridge argues that the opt-in claims should be dismissed under FRCP 12(c), because they are terminated by 29 U.S.C. § 216(b) and the Secretary of Labor's suit.

The "termination provision" provides as follows:

> The right provided by this subsection to bring an action by or on behalf of any employee, and **the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under** section 217 **of this title in which (1) restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation**, as the case may be, **owing to** *such* **employee under** section 206 **or** section 207 **of this title** by an employer liable therefor under the provisions of this subsection or (2) legal or equitable relief is sought as a result of alleged violations of section 215(a)(3) **[the anti-retaliation provision] of this title.**

29 U.S.C. § 216(b) (emphases added)

As 29 U.S.C. § 215(a)(3) deals with retaliation by the employer, which neither Harrison nor the Secretary of Labor have alleged, only clause (1) is at issue here. Big Ridge argues that, because the Secretary has initiated a suit alleging violations of §§ 206 and 207, the claims initiated after the date of that suit's initiation are terminated; this means that all of the opt-in claims would be terminated, since they were initiated after October 9, 2007, when the Secretary's claim was initiated. Harrison argues that, because the claims are not identical in coverage and remedies sought, the opt-in claims are not terminated by the Secretary's suit. Harrison argues that, unlike the Secretary's, his suit covers: all current and former workers who received a bonus not included in the regular rate of pay calculation, different remedies (especially liquidated damages), and an allegation of

willfulness on the part of the Big Ridge (which would extend the statute of limitations to three years, rather than two).

The Secretary's complaint does not appear to be limited to current workers. It reaches all hourly and nonexempt workers within the time period Oct. 1, 2005 to the date of initiation of the suit (October 9, 2007). The Secretary's suit does not, however, cover workers between the period of August 17, 2004 and Oct. 1, 2005. Harrison's suit reaches back three years because he alleges willfulness, which the Secretary declined to do.

Big Ridge argues that all suits initiated after the Secretary's are terminated because they allege the "same violation" of §§ 206 and 207. Big Ridge points to *Breuer v. Jim's Concrete of Brevard, Inc.*, in which the Supreme Court stated in a footnote that "comparable" claims are terminated by 29 U.S.C. § 216(b). 538 U.S. 691, 696 fn. 1 (2003). The plain language of 29 U.S.C. § 216(b) provides that only employees covered or represented by the Secretary's suit are affected y the termination provision. Thus, because the Secretary's suit does not cover workers between the period of Aug. 17, 2004 and Oct. 1, 2005, these workers' right to opt-in is not terminated by the Secretary's suit.

This conclusion is bolstered by *Floyd v. Excel Corp.*, 51 F.Supp.2d 931, 934 (C.D.Ill. 1999), in which the court held that "to the extent the Plaintiffs seek relief from Defendant's FLSA violations that occurred prior to [the initiation of the Secretary's suit], their suit is different from the Secretary's suit." The court found that only "identical" claims were terminated by 29 U.S.C. § 216(b), and that differences in time periods made the cases different. The court held that "to the extent the Plaintiffs seek relief from Defendant's FLSA violation that occurred prior to [the initiation of the Secretary's suit], their suit is different from the Secretary's suit . . . Conversely, to the extent

that Plaintiffs' Complaint overlaps with the Secretary's antecedent complaint, Plaintiffs' claims should be dismissed." *Floyd*, 51 F.Supp.2d at 935. To hold otherwise, the court reasoned, would undermine the purposes of FLSA. *Floyd*, 51 F.Supp.2d at 935-36.

Big Ridge also argues that, because the normal statute of limitations under 29 U.S.C. § 255(a) is two years, this period predating the coverage of the Secretary's suit is time-barred anyway. This would be true under the ordinary statute of limitations, but, where a willful violation is alleged, that statute of limitations is extended to three years. 29 U.S.C. § 255(a). This third year explains the approximate year of difference between the coverage of the Harrison's suit and the Secretary's suit. Because wilfullness is alleged, the third-year claims that do not overlap with the Secretary's suit may go forward.

Next, Harrison argues that his claim for liquidated damages also differentiate his, and the opt-ins' suits, from the Secretary's. However, 29 U.S.C. § 216(b) provides that the right of employees covered by the Secretary's suit to sue or opt-in is terminated when the Secretary sues seeking restraint of unpaid wages or overtime for them, without reference to other types of damages that the employees or the Secretary might seek. The termination seems to be across-the-board with reference to the affected employees.

Finally, Big Ridge argues that, because the covered employees' claims are terminated by 29 U.S.C. § 216(b), the third 3rd-year opt-ins' claims to liquidated damages should be terminated by the Secretary's suit. In other words, Harrison cannot pursue punitive claims where the underlying claims are barred. While this is true for the employees who are covered by the Secretary's suit (those who worked 2 years prior to the initiation of the Secretary's suit), the willfulness allegation extends the statute of limitations by one year, so that the workers not covered by the Secretary's suit

are not time-barred by the statute of limitations. Their "underlying claim" is not terminated by the Secretary's suit, because they are not covered by that suit. These opt-in plaintiffs may seek all damages claimed by Harrison, including liquidated damages for wilfullness, because their suit is not terminated by the Secretary's.

**CONCLUSION**

In light of the foregoing, the discovery stay is **LIFTED**, and a new presumptive trial month of **December 2009** is assigned. The parties shall forward a new proposed scheduling and discovery order to Magistrate Judge Proud within **14 days**.

**IT IS SO ORDERED.**

DATED: 8/4/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge